**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gerson C.P.,[1]

Petitioner,

v.

Administrator of Sherburne County Jail, et al.,

Respondents.

Case No. 26-cv-1266 (MJD/LIB)

**REPORT AND RECOMMENDATION**

Pursuant to a referral made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Petitioner Gerson C.P.'s Petition for a writ of habeas corpus. [Docket No. 1]. Finding no hearing necessary, the Court issues the present Report and Recommendation.[2]

For the reasons discussed herein, the undersigned recommends that Petitioner Gerson C.P.'s Petition for a writ of habeas corpus, [Docket No. 1], be **DENIED without prejudice**.

## I. Background

Petitioner is a native and citizen of Guatemala. (Draves Dec. [Docket No. 11] ¶ 3). On April 5, 2023, law enforcement officials with the United States Border Patrol encountered and arrested Petitioner near Sasabe, Arizona after it was determined that Petitioner had entered the United States without inspection or parole. (Id. ¶ 4). Petitioner, who was a minor at that time, was then transferred to the Border Patrol's Coordination Center in Arizona. (Id. ¶ 4).

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in immigration opinions such as the present Report and Recommendation. See, e.g., Yee S. v. Bondi, No. 25-cv-2782 (JMB/DLM), 2025 WL 2879479, at *1 n.1 (D. Minn. Oct. 9, 2025); Sarail A. v. Bondi, No. 25-cv-2144 (ECT/JFD), 2025 WL 2533673, at *1 n.1 (D. Minn. Sept. 3, 2025). Accordingly, where the Court refers to Petitioner by his name, only his first name and last initial are provided.
[2] Upon review of the present record, the Court finds that a hearing is unnecessary in this action because a hearing on the Petitioner's claim would not aid the Court in its consideration of the present Petition. See Wallace v. Lockhart, 701 F.2d 719, 730 (8th Cir. 1983).

On April 6, 2023, a Notice to Appear was issued to Petitioner charging him as removable from the United States. (Id. ¶ 5). That same day, Petitioner was turned over to the custody of Immigration and Customs Enforcement (ICE) and transferred to New York City for placement in a juvenile shelter. (Id. ¶ 6).

On November 22, 2025, Petitioner, who was no longer a minor at that time, was arrested by the Rochester Police Department in Rochester, Minnesota for allegations related to domestic assault and disorderly conduct. (Id. ¶ 7).[3] Also on November 22, 2025, ICE received notification of Petitioner's arrest and lodged an immigrations detainer for Petitioner with the Rochester Police Department. (Id. ¶ 4). On November 24, 2025, ICE officers arrested Petitioner at the Olmsted County Jail, and Petitioner was taken into ICE's custody. (Id. ¶ 4).

After being taken into ICE's custody, Petitioner was provided with a bond hearing on December 16, 2025. (See Id. ¶ 10). Following that hearing, an immigration judge granted Petitioner release from custody subject to the payment of a $2,000.00 bond. (Id.; Bond Order [Docket No. 11-5]). The Department of Homeland Security reserved the right to appeal the immigration judge's bond determination and moved for a stay of execution of the December 16, 2025, bond order. (Draves Dec. [Docket No. 11] ¶ 10; Bond Order [Docket No. 11-5]). On December 18, 2025, the Board of Immigration Appeals granted the Department of Homeland Security's motion to stay the December 16, 2025, bond order. (Draves Dec. [Docket No. 11] ¶ 11; Stay Order [Docket No. 11-6]). On December 19, 2025, Petitioner filed a motion to remand with the Board of Immigration Appeals seeking to remand his bond proceedings back to the immigration judge. (Draves Dec. [Docket No. 11] ¶ 12). Petitioner's motion to remand was subsequently granted.

[3] These charges were subsequently dismissed. (Id.).

On January 20, 2026, the immigration judge issued an amended bond order which again granted Petitioner release subject to the payment of a $2,000.00 bond. (Id. ¶ 13).[4] The Department of Homeland Security reserved the right to appeal the January 20, 2026, bond order, but there is no indication in the record that such an appeal was filed. (See Id.).

On January 22, 2026, ICE's Enforcement and Removal Operations (ERO) office received a request to pay Petitioner's bond, and ICE received a second request to pay bond on behalf of Petitioner on January 23, 2026. (Id. ¶ 14). ICE approved those requests, but payment of Petitioner's bond was never made. (Id.; see Petitioner's Reply [Docket No. 15] at 1–2).

On February 9, 2026, Petitioner filed his present Petition. [Docket No. 1]. Through this action, Petitioner seeks his immediate release from ICE's custody. (Petition [Docket No. 1] at 7).

On February 19, 2026, an immigration judge ordered Petitioner removed from the United States to Guatemala. (Removal Order [Docket No. 11-7]). Petitioner appealed that removal order to the Board of Immigration Appeals. (See Id.). That appeal remains pending.

## II. Discussion

As noted above, Petitioner seeks his immediate release from ICE's custody. (See Petition [Docket No. 1]). In support of his request for release, Petitioner argues that his detention in ICE's custody has been unconstitutionally prolonged because ICE failed to release him after his bond was paid. (Id.).

"Habeas is at its core a remedy for unlawful executive detention." Munaf v. Geren, 553 U.S. 674, 693 (2008). To ensure that habeas remedy remains available, District Courts have been vested with the jurisdictional authority to grant writs of habeas corpus to any individual who demonstrates that they are being subjected to custodial confinement in violation of the Constitution, federal law, or a treaty of the United States. See, e.g., Rasul v. Bush, 542 U.S. 466,

[4] Respondents did not provide any documentational evidence of this amended order to the Court.

473 (2004); Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); 28 U.S.C. §§ 2241(a), 2241(c)(3). The District Court's habeas jurisdiction includes the authority to adjudicate habeas challenges to an individual's immigration-related detention. See, e.g., Zadvydas v. Davis, 533 U.S. 678, 687–88 (2001). "Petitioner bears the burden of proving by a preponderance of the evidence that his detention is unlawful." Abel Jimenez Jimenez v. Samuel J. Olson, No. 25-cv-189 (CJW/KEM), 2025 WL 3633609, at *2 (N.D. Iowa Dec. 15, 2025) (citing Aditya W. H. v. Trump, 782 F. Supp. 3d 691, 702 (D. Minn. 2025); Walker v. Johnston, 312 U.S. 275, 286 (1941)).

In the present case, Petitioner's sole argument in support of his request for release is that he should have been released when his bond was paid. (See Petition [Docket No. 1]). However, as Petitioner now acknowledges, his bond has not been paid. (See Draves Dec. [Docket No. 11] ¶ 14; Petitioner's Reply [Docket No. 15]). The entirety of Petitioner's argument here is factually predicated on his bond having been paid, but that bond has not been paid. (See Petition [Docket No. 1]; Petitioner's Reply [Docket No. 15]). Petitioner does not offer any other argument in support of his request for release. (See Petition [Docket No. 1]; Petitioner's Reply [Docket No. 15]).[5] On that basis, the Court finds that Petitioner has failed in his burden of demonstrating by a preponderance of the evidence that his present detention is unlawful.

One additional matter warrants discussion here. In Petitioner's reply memorandum, he "requests this Court allow him to make the $2000 payment" so that he may be released on bond pending final resolution of his removal proceedings. (See Petitioner's Reply [Docket No. 15]). Petitioner's request here is based on his belief that his bond order is presently stayed which

[5] Petitioner's reply memorandum, [Docket No. 15], does have a brief discussion arguing that his bond order is not subject to any automatic stay provision, but that discussion is inapposite to the present case. As noted above, the Department of Homeland Security motioned the Board of Immigration Appeals to stay the December 16, 2025, bond order; Petitioner's initial bond order was not subject to any automatic stay provision.

means he cannot pay his bond to be released. (See Id.). That is not, however, accurate based on the record now before the Court.

Instead, it appears that Petitioner has a valid bond order which has not been stayed. As noted above, the Department of Homeland Security moved the Board of Immigration Appeals for an order staying the immigration judge's "bond order, issued Dec[ember] 16, 2025," and based on that request, the Board of Immigration Appeals stayed the December 16, 2025, bond order. (Stay Order [Docket No. 11-6]). However, the bond proceedings were later remanded back to the immigration judge upon Petitioner's request, and the immigration judge issued a January 20, 2026, amended bond order which again granting Petitioner release from detention subject to the payment of a $2,000.00 bond. (See Draves Dec. [Docket No. 11] ¶ 12–13). Although the Department of Homeland Security reserved the right to appeal the January 20, 2026, bond order, there is no indication in the record now before the Court that any such appeal was filed. Similarly, there is no indication in the record that the Department of Homeland Security moved to stay the January 20, 2026, amended bond order. On this record, the January 20, 2026, amended bond order remains a valid bond order, and therefore, Petitioner may still yet secure his release subject to payment of that bond.

## III. Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Gerson C.P.'s Petition for a writ of habeas corpus, [Docket No. 1], be **DENIED without prejudice**.

Dated: June 26, 2026

s/Leo I. Brisbois
Hon. Leo I. Brisbois
U.S. MAGISTRATE JUDGE

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).